**NIANG CHUNG SHUE, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney**

General,[1] Respondent.

No. 08–5678–ag.

United States Court of Appeals, Second Circuit.

June 11, 2009.

Oleh R. Tustaniwsky, Hualian Law Offices, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Barry J. Pettinato, Assistant Director, Jennifer R. Khouri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. B.D. PARKER, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Niang Chung Shue, a native and citizen of the People's Republic of China, seeks review of the October 28, 2008 order of the BIA denying his motion to reopen his deportation proceedings and to file a successive asylum application. *In re Niang Chung Shue*, No. A070 129 466 (B.I.A. Oct. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). The BIA's regulations require an alien seeking to reopen proceedings to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and allow only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). There is no dispute that Shue's June 2008 motion was both untimely and numerically-barred. However, the time limit for filing a motion to reopen

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

does not apply to a motion "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," if the movant provides evidence of such changed circumstances that "is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Here, the BIA did not abuse its discretion in denying Shue's motion to reopen as untimely because the BIA reasonably determined that he failed to submit sufficient evidence of changed country conditions. *See* 8 C.F.R. § 1208.4(a)(4)(B); *see also Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). Shue fails to challenge that determination in his brief to this Court, thereby waiving any such challenge. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Shue's failure to challenge that finding is dispositive of his petition for review. *See* 8 U.S.C. § 1229a(c)(7)(c)(ii); *INS v. Abudu,* 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

In any event, the BIA reasonably found that, even if some of the events Shue described occurred in China, the "genesis" of his claim was his "alleged political activity in the United States." In other words, the BIA did not err in viewing the motion as based on changed personal circumstances "entirely of his own making," which did not exempt the motion from the applicable bars. *Wei Guang Wang v. BIA,* 437 F.3d 270, 274 (2d Cir.2006). As this Court recently observed, the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their person-

al circumstances (*e.g.,* by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application." *Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir.2008); *see also Wei Guang Wang,* 437 F.3d at 274 (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme").

Before this Court, Shue suggests that the BIA erred because it "ignored" and "misevaluated" his evidence in concluding it was insufficient. However, the record reveals that the BIA reasonably considered Shue's evidence and found that it primarily concerned his activities in the U.S. and did not establish changed circumstances in China. Indeed, we have consistently held that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings." *Wei Guang Wang,* 437 F.3d at 275 (internal quotation marks omitted).[2]

Finally, we find that the BIA did not abuse its discretion in finding that Shue had failed to establish a prima facie case for CAT relief. *See Abudu,* 485 U.S. at 104–05, 108 S.Ct. 904. We have held that general "country conditions" documents that "indicate that some prisoners in China have been tortured," *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003), "in no way establish[ ] that someone in [Shue]'s particular circumstances is more likely than not to be tortured if imprisoned in China," *id.* at 144 n. 21. Moreover, even if Shue had submitted evidence that the Chinese government has tortured dissidents, Shue did not submit any evidence

2. In his brief to this Court, Shue challenges neither the BIA's denial of his request for permission to file a successive asylum application nor the BIA's refusal to reopen his deportation proceedings *sua sponte.* As a result, any such challenge is deemed waived. *See Yueqing Zhang,* 426 F.3d at 541 n. 1, 545 n. 7.

that the Chinese government was aware of his subversive CDP activities, and therefore he failed to show that the government would more likely than not torture him for such activities. *See Hongsheng Leng v. Mukasey,* 528 F.3d 135, 143 (2d Cir.2008).

Accordingly, the BIA's denial of Shue's motion to reopen was not an abuse of discretion. *See Wei Guang Wang,* 437 F.3d at 275.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).